UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK ALLEN SILVA,<br><br>                    Plaintiff,<br><br>      v.<br><br>WESTERN STATE HOSPITAL and STATE OF WASHINGTON,<br><br>                    Defendants. | Case No. 3:24-cv-05498-JCC-TLF<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* in his civil rights action under 42 U.S.C. § 1983. Dkt. 1. The Court has screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a) and concludes that Plaintiff has not adequately stated any claim upon which relief may be granted. However, the Court deems it appropriate to grant Plaintiff an opportunity to file an amended complaint correcting, to the extent possible, the deficiencies identified below by July 30, 2024.

DISCUSSION

Plaintiff asserts in his complaint that after he was sent to Western State Hospital, he was forced to take a particular medication, after the medication was administered, it caused a rash on his face and discomfort. Dkt. 1 at 4-5. Plaintiff alleges the rash continues to resurface to date. Plaintiff further states he was underfed and the showers were "set on a very low temperature." *Id.* at 6. Plaintiff seeks monetary damages, as

ORDER TO SHOW CAUSE - 1

well as an order from the Court ordering the State to retrain its staff and to order more food.

A. Screening Standards

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each

ORDER TO SHOW CAUSE - 2

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

B. Deficiencies

a. Defendants State of Washington and Western State Hospital

Plaintiff names Western State Hospital and the State of Washington as the only defendants. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. Amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted).

Here, there is no indication Washington State or Western State Hospital, a state entity, has waived sovereign immunity under the Eleventh Amendment. Furthermore, Western State Hospital is not a "person" under § 1983. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to Western State Hospital. *See Abdullah-El v. King Cnty. Mun. Ct.*, 2015 WL 402792, at *3 (W.D. Wash. Jan. 28, 2015) (finding Western State Hospital is a state entity that is immune from suit); *Banks v. Washington*, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009) (finding

Western State Hospital is not a "person" under § 1983 and, therefore, not capable of being sued).

If Plaintiff wishes to purse this action, he may file a proposed amended complaint and identify individual persons acting under color of state law who caused the harm alleged in his complaint.

### b.  Cruel and Unusual Punishment

Plaintiff asserts that he has been subjected to cruel and unusual punishment (Dkt. 1-1, at 5), a claim which implicates his rights under the Eighth Amendment. The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that: (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

Plaintiff does not allege in his complaint facts suggesting that, at the time of the events alleged in his proposed complaint, he was an inmate incarcerated in a prison. He only alleges that he was "sent to Western State". Dkt. 1-1 at 4. Nor does he allege facts demonstrating that any specific individual(s) personally participated in causing such harm. Plaintiff therefore fails to allege any plausible claim for relief under the Eighth Amendment.

ORDER TO SHOW CAUSE - 4

CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1) The Court declines to grant Plaintiff's application to proceed *in forma pauperis* at this time because of the deficiencies identified above. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies by **July 30, 2024**. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

2) Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify the Defendant(s), the constitutional claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

3) The Clerk shall re-note this matter on the Court's calendar for July 30, 2024, for review of Plaintiff's amended complaint. The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint.

Dated this 3rd day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6